UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY T. ALTON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-1769 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, plaintiff's testimony, and failure to consider all of plaintiff's impairments constituted error.

For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 4 & 8.)

1

# PROCEDURAL BACKGROUND

In November of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on August 20, 2014. (Transcript ("Tr.") at 16, 269-72.) Plaintiff's alleged impairments included rheumatoid arthritis, chronic low back pain, degenerative disc disease, migraines, and depression. (Id. at 151.) Plaintiff's application was denied initially, (id. at 151-55), and upon reconsideration. (Id. at 157-61.)

Plaintiff requested an administrative hearing and hearings were held before an Administrative Law Judge ("ALJ") on November 22, 2016, and March 1, 2017. (Id. at 66-79, 80-119.) Plaintiff was represented by a non-attorney and testified at the administrative hearing. (Id. at 16, 80-82.) In a decision issued on March 15, 2017, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since August 20, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: obesity, rheumatoid arthritis and osteoarthritis (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can frequently balance and/or stoop, can occasionally kneel, crouch and/or crawl, can occasionally climb ramps and/or stairs and can frequently handle and/or finger with the bilateral upper extremities.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on May 29, 1961 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563).

////

> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 20, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 18-24.)

On June 29, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's March 15, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 23, 2017. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step

process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following three principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ failed to consider plaintiff's combined impairments; and (3) the ALJ erroneously rejected plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 15-1) at 15-27.[2])

**I. Medical Opinion Evidence**

Plaintiff's argues that the ALJ's treatment of the medical opinion evidence constituted error. (Id. at 16-21.) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.     Dr. Navdeep K. Riar**

Plaintiff first challenges the ALJ's treatment of the opinion offered by plaintiff's treating physician, Dr. Navdeep K. Riar. (Pl.'s MSJ (ECF No. 15-1) at 16-19.) On June 2, 2015, Dr. Riar completed a Form: Arthritis Residual Functional Capacity Questionnaire. (Tr. at 720-23.) The ALJ recounted Dr. Riar's opinion, stating:

> Treating physician, Navdeep Riar, M.D. opined that the claimant required ten minute walk breaks every thirty minutes, must shift position at will, required unscheduled breaks, could occasionally lift and/or carry less than ten pounds, could twist, perform fine manipulations and reach for fifty percent of the workday and could not stoop.

(Id. at 21.)

The ALJ afforded Dr. Riar's opinion "little weight." (Id.) This decision was based on the ALJ's finding that Dr. Riar's opinion was "unsupported by the examination findings, which

5

revealed generally benign objective results other than subjective complaints of pain." (Id.) And because plaintiff "denied weakness and loss of bladders and/or bowel control" at a June 2, 2015 appointment. (Id. at 21, 764-66.) The ALJ's analysis, however, suffers from several errors.

First,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). And when an ALJ elects to afford the opinion of a treating physician less than controlling weight, the opinion must be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's failure to discuss these factors "alone constitutes reversible legal error." (Id. at 676.) Here, the ALJ's assertion that Dr. Riar's opinion was "unsupported by the examination findings" is supported only by general citation to plaintiff's medical records and no further discussion. (Tr. at 21.)

Moreover, the record appears to contain ample objective findings to supports Dr. Riar's opinion. This is perhaps best evidenced by defendant's own argument, which concedes the following:

> The ALJ acknowledged that x-rays of the hands and knees revealed findings consistent with osteoarthritis; that x-rays of the lumbar spine revealed scoliosis with degenerative disc disease with facet arthropathy; and lumbar MRI studies revealed moderate to advanced degenerative changes. While medical records revealed a[n] MRI and diagnosis of partial tear on the lateral ligament due to a prior ankle sprain, and examination findings of mild pain on palpation to the lateral side of the malleolus . . . .

(Def.'s MSJ (ECF No. 18) at 13) (citations omitted).

Finally, in addition to being plaintiff's treating physician, Dr. Riar was a rheumatologist. (Pl.'s MSJ (ECF 15-2) at 2.) As a specialist, Dr. Riar's opinion was generally entitled to greater

weight. See Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5) ("Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an 'opinion of a specialist about medical issues related to his or her area of specialty.'").

Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Riar's opinion. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of Dr. Riari's medical opinion constituted error.

**B.     Dr. Chester Sunde**

Next, plaintiff challenges the ALJ's treatment of the opinion offered by psychologist, Dr. Chester Sunde. (Pl.'s MSJ (ECF No. 15-1) at 19-20.) Dr. Sunde rendered an opinion in response to a February 25, 2015 examination. (Tr. at 643-46.) The ALJ summarized Dr. Sunde's opinion, stating:

> Consultative psychologist, Chester Sunde, Psy.D opined that the claimant had moderate limitations in her ability to interact appropriately with supervisors, coworkers and the public, comply with job rules, safety and attendance and to maintain persistence and pace.

(Id. at 21.)

The ALJ elected to afford Dr. Sunde's opinion "little weight because it is inconsistent with his examination findings, that revealed good persistence and pace, intact delayed memory and intact abstraction." (Id.) However, that an examination revealed the claimant had good persistence, pace, intact delayed memory, and intact abstraction, does not undermine a physician's opinion that the claimant had moderate limitations in the ability to interact with supervisors, coworkers and the public, comply with job rules, safety, and attendance. (Id.) Nor did the ALJ's residual functional capacity determination account for any of these limitations. See Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) ("An ALJ must explain why he has rejected uncontroverted medical evidence.").

Moreover, the ALJ failed to discuss any of the examination findings that supported Dr. Sunde's opinion. For example, Dr. Sunde's examination revealed that plaintiff's concentration

7

was only fair. (Tr. at 644.) Plaintiff also displayed "some psychomotor agitation," distracted thoughts, and preoccupation "with various stressors." (Id.) Plaintiff's mood was depressed and anxious. (Id.) And plaintiff struggled with calculating "serial 3s" and was "slow" in spelling forwards and backwards. (Id. at 645.)

Accordingly, for the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Sunde's opinion. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of Dr. Sunde's medical opinion constituted error.

## II. Failure to Consider Combined Impairments

Plaintiff next argues that the ALJ failed to consider the combined impairments of plaintiff's degenerative joint disease, scoliosis, rheumatoid arthritis, osteoarthritis, obesity, and side effects from medication in determining plaintiff's residual functional capacity ("RFC"). (Pl.'s MSJ (ECF No. 15-1) at 20-23.)

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations.").

> [I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) (quoting SSR 96-8p).

With the exception of the side effects from medication, the ALJ's opinion did acknowledge the impairments raised by plaintiff's argument, stating:

> The claimant presented to care with complaints of joint pain and swelling. Medical records revealed a diagnosis for rheumatoid arthritis. X-ray studies of bilateral hands and knees revealed findings consistent with osteoarthritis.
>
> The claimant presented to care with complaints of back pain. X-ray studies revealed scoliosis with degenerative disc disease with facet

8

> athropathy. Lumbar MRI studies revealed moderate to advanced
> degenerative changes.
>
> The claimant is also obese[.]
>
> Because these impairments cause more than a minimal functional
> limitation in her ability to perform basic work activities, the claimant
> has severe impairments.

(Tr. at 18.)

Plaintiff argues that the ALJ failed to consider plaintiff "rheumatoid arthritis and other medically determinable impairments," as well as the side effects of medications when determining [plaintiff's] RFC" which included "fatigue and drowsiness." (Pl.'s MSJ (ECF No. 15-1) at 22-24. However, as is evidenced from the discussion of the medical opinion evidence above, the ALJ's decision is replete with discussion of plaintiff's rheumatoid arthritis, osteoarthritis, and musculoskeletal impairment. The decision also discusses plaintiff's complaints of "extreme fatigue," and "poor energy[.]" (Tr. at 21-22.)

For the reasons stated above, the court finds that the ALJ considered plaintiff's limitations in formulating the RFC. See Burch v. Barnhart, 400 F.3d 676, 684 (9th Cir. 2005). Therefore, plaintiff is not entitled to summary judgment on the claim that the ALJ failed to consider plaintiff's combined impairments.

### III. Plaintiff's Subjective Testimony

Plaintiff's final argument is that the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 15-1) at 23-27.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis. First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged. The claimant, however, need not show that her
> impairment could reasonably be expected to cause the severity of the
> symptom she has alleged; she need only show that it could
> reasonably have caused some degree of the symptom. Thus, the ALJ
> may not reject subjective symptom testimony . . . simply because
> there is no showing that the impairment can reasonably produce the
> degree of symptom alleged.

> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[3] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with

---

[3] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

the medical evidence and other evidence in the record for the reason explained in [the] decision." (Tr. at 22.) One of the reasons offered by the ALJ in support of this finding was that plaintiff's "treatment has been essentially routine and/or conservative in nature" consisting "primarily of medication management." (Id.)

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (quoting Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)). Certainly, there are instances in which treatment by medication alone cannot be characterized as conservative. See generally Shepard v. Colvin, CASE No. 1:14-CV-1166 SMS, 2015 WL 9490094, at *7 (E.D. Cal. Dec. 30, 2015) ("The record reflects substantial medical treatment and heavy reliance on pain medication.").

Here, however, plaintiff testified that while plaintiff received a weekly injection for rheumatoid arthritis, Prozac for depression, and Gabapentin for nerve pain, plaintiff's pain was generally being treated with "Norco pain medication" consisting of "one or two a day depending on pain[.]" (Tr. at 95.) Moreover, plaintiff testified, "Sometimes I don't have to take all of that[.]" (Id.) Under these circumstances, the court cannot find that the ALJ's reasoning is unsupported or based on legal error. See Warre v. Commissioner of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Accordingly, the court finds that the ALJ offered a clear and convincing reason for rejecting plaintiff's testimony. Plaintiff, therefore, is not entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

////

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this case "should be remanded to correct" the errors noted above. (Pl.'s MSJ (ECF No. 15-1) at 27.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 18) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: February 11, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\alton1769.ord

12